## Capp Trust

*William E. Parke* and *Rodney T. Bonsall,* for accountants.

*Dallett Hemphill,* for Commonwealth.

MacELREE, P. J., August 5, 1960. . . . The problem confronting the trustees and now submitted to this court for adjudication is the disposition of the principal and income other than that which accrued to the date of death of Gordon Jost and which said accrued income is admittedly payable to Archibald J. Kingsley, administrator c.t.a., duly appointed by the Register of Wills of Dauphin County.

It is averred that Gordon Jost was an only son and left no issue.

It is further averred that Seth B. Capp left no issue and was the only other living descendant of testatrix, having been predeceased by his sister, Mrs. Jost, and a brother Edgar who died in infancy.

Decedent's will as interpreted by this court provided that, in such a contingency, the estate would vest in those who would then be entitled under the intestate

laws of the Commonwealth had the testatrix survived all her descendants and died intestate.

It is suggested by counsel for the accountants that by the wording of the will and also of the Act of June 29, 1923, P. L. 914, as modified by the Estates Act of April 24, 1947, P. L. 100, the intestate heirs would be ascertained as of the death of the last surviving life tenant.

With the suggestion of counsel for the accountants this court agrees and does so conclude.

It is averred that both counsel and the corporate trustee have made diligent search to find the persons related to the testatrix not further removed than first cousins in view of the fact that under the Intestate Act of April 24, 1947, P. L. 80, the Commonwealth takes the entire estate if such relatives cannot be found.

An appearance was entered subsequent to the date of audit and prior to this adjudication by Dallett Hemphill, Esq., on behalf of the Commonwealth, claiming the balance for distribution on behalf of said Commonwealth as follows:

"Possible statutory heir under the Intestate Act of 1947, or claimant of net estate under statutes pertaining to the payment of funds into the State Treasury without escheat."

As pointed out by Klein, President Judge of the Orphans' Court of Philadelphia County, in Rhodes and Hannebauer Estate, 71 D. & C. 330, 338, 341:

"If the Commonwealth receives the award as an heir under section 3, subsec. 6 . . . [of the Intestate Act of 1947], it would appear that the rights of the next of kin who might be entitled to the estate but who had no notice of the proceedings would be forfeited unless they make legal claim to their shares within seven years of the death of decedent . . . However, if the fund is received by the Commonwealth without escheat, decedent's next of kin could make claim at any time without limitation, and, upon satisfactory proof

of relationship, receive the fund from the State with interest at two percent under section 504 of the Fiscal Code of 1929."

This court is of opinion, as was expressed by Judge Klein in Rhodes Estate, that under these circumstances a fair regard for the interests of all persons concerned necessitates the refusal of the Commonwealth's request that the balance for distribution be paid into the state treasury under section 3 of the Intestate Act of 1947.

The balance of principal and income not otherwise awarded will, instead, be awarded to the Commonwealth without escheat under the provisions of section 1314 of The Fiscal Code of April 9, 1929, P. L. 343, 419, for payment into the State treasury through the Department of Revenue. . . .